UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| American Millennium Insurance Company,<br><br>            Plaintiff,<br>vs.<br><br>Delores Holloway, Sherica Powell, Jolly Ehiabhi, Emmett Lazarus, Rene Lazarus, Dequan Smalls, Latonya Spivey, Anagkaso, LLC d/b/a Anagkaso Logistic, The South Carolina Ports Authority and Randy David Anderson,<br><br>            Defendants. | Civil Action No. 2:25-cv-04115-BHH<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

**COMPLAINT**

Now Comes Plaintiff, American Millennium Insurance Company ("AMIC" or "Plaintiff"), by and through its attorneys, and for its Complaint against Defendants Delores Holloway, Sherica Powell, Jolly Ehiabhi, Emmett Lazarus, Rene Lazarus, Dequan Smalls, Latonya Spivey, Anagkaso, LLC d/b/a Anagkaso Logistic, The South Carolina Ports Authority and Randy David Anderson, (collectively "Defendants") alleges as follows:

**NATURE OF THE ACTION**

1.      This is an insurance coverage action for declaratory relief pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

2.      AMIC seeks a determination of the parties' rights and obligations under its' commercial general liability policies numbered LHT11441, with effective dates of 03/15/2022 through 03/15/2023 respectively ( "the Policy"), and issued to Anagkaso, LLC. A true and correct copy of the Policy is attached here as **Exhibit A**.

1

3. A dispute exists regarding whether AMIC is obligated under the Policy to continue to defend the Insured and all potential additional insureds under the Policy given the language of the Policy and the exhaustion[1] of the Policy limits.

4. In this Complaint, AMIC asks this Court to inquire into, and declare the rights and obligations of the parties hereto arising out of the facts set forth below.

## PARTIES

3. AMIC is a corporation organized and existing pursuant to the laws of the state of New Jersey with its principal place of business in New Jersey. AMIC is authorized to sell insurance and does sell insurance in South Carolina.

4. Upon information and belief, Defendant Sherica Powell ("Defendant Powell"), is a resident and citizen of Columbus County, North Carolina.

5. Upon information and belief, Defendant Delores Holloway ("Defendant Holloway"), is a resident and citizen of Columbus County, North Carolina.

6. Upon information and belief, Defendant Emmett Lazarus ("Defendant Emmett"), is a resident and citizen of Horry County, South Carolina.

7. Upon information and belief, Defendant Rene Lazarus ("Defendant Rene"), is a resident and citizen of Horry County, South Carolina

---

[1] We respectfully bring to the Court's attention a minor clerical oversight in the calculation of the disbursement under the one-million-dollar ($1,000,000.00) Policy limit. During the execution of multiple Covenants, it was the clear intent of all parties that the AMIC's full policy limits be exhausted in this matter. However, due to a rounding or minor computational error, the final payment fell short of the full limit by exactly three cents. This discrepancy—amounting to $0.03—was purely inadvertent and not reflective of the parties' intention. We respectfully request the Court's understanding in recognizing this as a de minimis error, and if necessary, we are prepared to promptly issue a supplemental payment to fully exhaust the Policy as intended.

2

8. Upon information and belief, Defendant Dequan Smalls ("Defendant Smalls"), is a resident and citizen of Horry County, South Carolina.

9. Upon information and belief, Defendant Latonya Spivey ("Defendant Spivey"), is a resident and citizen of Horry County, South Carolina.

10. Upon information and belief, Defendant Jolly Ehiabhi ("Defendant Ehiabhi") is the owner and operator of Anagkaso, LLC d/b/a Anagkaso Logistic, and a resident and citizen of Florence County, South Carolina.

11. Upon information and belief, Defendant Anagkaso, LLC d/b/a Anagkaso Logistic ("Defendant Anagkaso") is a limited liability company organized and existing under the laws of South Carolina, and conducts business in South Carolina, including Georgetown County.

12. Upon information and belief, Defendant Randy David Anderson ("Defendant Anderson") a resident and citizen of Florence County, South Carolina.

13. Upon information and belief, Defendant The South Carolina Ports Authority ("Defendant SC Ports") is a state-owned agency responsible for operating and managing public seaport facilities in South Carolina and subject to suit under the South Carolina Tort Claims Act, as well as the common law of the State of South Carolina.

**JURISDICTION AND VENUE**

6. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 2201 and 1332 because there is complete diversity of citizenship between AMIC, a New Jersey corporation, and the North Carolina Defendants (Defendant Powell and Defendant Holloway) and the South Carolina Defendants (Defendant Ehiabhi, Defendant Anagkaso, , Defendant Emmett, Defendant Rene, Defendant Smalls, Defendant Spivey, Defendant Anderson and Defendant SC Ports), and the amount in controversy exceeds $75,000 exclusive of interest and costs.

3

7.     Venue is proper in this District and in the Charleston Division pursuant to 28 U.S.C. § 1391(b)(2) and Local Rule 3.01(A)(1) because a substantial part of the transaction or occurrences giving rise to this Complaint occurred within the Charleston Division of this District, and the underlying complaints were filed in Georgetown County state court, which is in the Charleston Division of this District.

## BACKGROUND

8.     AMIC issued the Motor Carrier Coverage Policy to Defendant Anagkaso, LLC as the Named Insured. *See* Exhibit A.

9.     The Policy insured Defendant Anagkaso, LLC for certain risks under the insuring agreement and excluded certain risks through policy exclusions. AMIC craves reference to the Policy for all the terms, conditions, endorsements, and provisions therein and incorporates them by reference herein.

10.    The Policy's insuring agreement states:

**Commercial Auto – Declarations**

| Coverages | | … | Limit<br>(The most we will pay for any one accident or loss) | … |
|---|---|---|---|---|
| A. | Liability | … | $1,000,000 each accident | … |

…

**SECTION II – COVERED AUTOS LIABILITY COVERAGE**

**A.     Coverage**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

We will also pay all sums an "insured" legally must pay as a "covered pollution cost or expense" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of covered "autos". However, we will only pay for the "covered pollution cost or expense" if there is either "bodily

4

injury" or "property damage" to which this insurance applies that is caused by the same "accident".

We will have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Covered Autos Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.

1. **Who Is An Insured**

    The following are "insureds":

    **a.**     You for any covered "auto".

    **b.**     Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

    **(1)**     The owner or any "employee", agent or driver of the owner, or anyone else from whom you hire or borrow a covered "auto".

    **(2)**     Your "employee" or agent if the covered "auto" is owned by that "employee" or agent or a member of his or her household.

    **(3)**     Someone using a covered "auto" while he or she is working in a business of selling, servicing, repairing, parking or storing "autos" unless that business is yours.

    **(4)**     Anyone other than your "employees", partners (if you are a partnership), members (if you are a limited liability company), a lessee or borrower of a covered "auto" or any of their "employees", while moving property to or from a covered "auto".

    **(5)**     A partner (if you are a partnership) or member (if you are a limited liability company) for a covered "auto" owned by him or her or a member of his or her household.

    **c.**     The owner or anyone else from whom you hire or borrow a covered "auto" that is a "trailer" while the "trailer" is connected to another covered "auto" that is a power unit, or, if not connected, is being used exclusively in your business.

    **d.**     The lessor of a covered "auto" that is not a "trailer" or any "employee", agent or driver of the lessor while the "auto" is leased to you under a written agreement if the written agreement between the lessor and you does not require the lessor to hold you harmless and then only when the leased "auto" is used in your business as a "motor carrier" for hire.

5

  **e.** Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

However, none of the following is an "insured":

 **(1)** Any "motor carrier" for hire or his or her agents or "employees", other than you and your "employees":

  **(a)** If the "motor carrier" is subject to motor carrier insurance requirements and meets them by a means other than "auto" liability insurance.

  **(b)** If the "motor carrier" is not insured for hired "autos" under an "auto" liability insurance form that insures on a primary basis the owners of the "autos" and their agents and "employees" while the "autos" are leased to that "motor carrier" and used in his or her business.

  However, Paragraph **(1)** above does not apply if you have leased an "auto" to the for-hire "motor carrier" under a written lease agreement in which you have held that "motor carrier" harmless.

 **(2)** Any rail, water or air carrier or its "employees" or agents, other than you and your "employees", for a "trailer" if "bodily injury" or "property damage" or a "covered pollution cost or expense" occurs while the "trailer" is detached from a covered "auto" you are using and:

  **(a)** Is being transported by the carrier; or

  **(b)** Is being loaded on or unloaded from any unit of transportation by the carrier.

           **\*\*\*\*\*\*\*\*\*\*\***

11. Defendant Anagkaso is in the business of transportation of general freight over long distances, operating as a common carrier under federal regulations and is based in Florence, South Carolina.

12. Defendant Anagkaso and Defendant SC Ports entered into a Chassis Interchange Agreement ("Chassis") on or about October 14, 2022. A copy of the Chassis is attached here as **<u>Exhibit B</u>**.

13. The Chassis' agreement states:

**INSURANCE.** MOTOR CARRIER shall have in effect and shall obtain and maintain, at MOTOR CARRIER's sole cost and expense, throughout the Term of this Agreement, and

6

for a period of three (3) years after the expiration or earlier termination of this Agreement, the following insurance coverage:

a. Commercial automobile and property damage insurance policy with per occurrence limits of not less than $1,000,000.00 or greater insuring the Chassis provided to MOTOR CARRIER under this Agreement. The policy must cover User's indemnity obligations under this Agreement.

…

**INDEMNIFICATION.** MOTOR CARRIER shall defend, indemnify and hold harmless PROVIDER, PROVIDER's maintenance contractor, the owners and lessors of the Chassis, and each's insurers, affiliates, managers, officers, directors, agents, employees, representatives, successors and assigns (individually and collectively "**PROVIDER Party**") from and against any and all direct and third-party suits, losses, fines, penalties, damages, claims, injuries including death, damage to property, damage to or loss of any Chassis, other demands and liabilities of every nature, including reasonable attorney's fees, arising directly or indirectly from or in connection with MOTOR CARRIER's possession, use, condition, or operation of the Chassis, including actions or claims for negligence or strict liability in tort. PROVIDER and PROVIDER Party do not assume liability for any acts or omissions of MOTOR CARRIER or its agents or employees. MOTOR CARRIER shall be responsible for and shall pay all fines or citations arising out of its acts or omissions related to the Chassis during the Term. If applicable state law does not allow enforcement of indemnity obligations to the extent contained in this Section, the parties expressly agree that MOTOR CARRIER will be obligated to indemnify the PROVIDER and the PROVIDER Party to the fullest extent allowed by applicable law. For the purposes of this Section 13, the term "Chassis" shall include the chassis, any intermodal shipping containers or cargo or equipment transported by the chassis, and any cargo, property, or contents inside any intermodal shipping containers transported by the chassis.

…

MOTOR CARRIER shall indemnify, defend, and hold PROVIDER harmless from, any act or omission of MOTOR CARRIER or anyone accessing the Service on MOTOR CARRIER's behalf in any way related to the Service. MOTOR CARRIER waives all those defenses that MOTOR CARRIER may have as to why MOTOR CARRIER should not be liable for the acts or omissions of anyone accessing the Service on MOTOR CARRIER's behalf.

************

14.     On or around January 24, 2023, Defendant Anderson was the driver of the subject tractor trailer owned by Defendant Anagkaso who was acting within his scope of employment.

15.     The tractor was attached to a chassis and container owned by SC Ports and for the purpose of carrying cargo for SC Ports in accordance with the Chassis Interchange Agreement.

7

16. Defendant Anderson collided into Defendant Holloway's vehicle causing a chain reaction resulting in a multi-vehicle accident.

17. The incident resulted in injuries to Defendants Holloway, Defendant Powell, Emmett Lazarus, Rene Lazarus, Daquan Smalls, and Latonya Spivey.

18. On or about October 18, 2025, Defendant Holloway and AMIC, Defendant Ehiabhi, Defendant Anagkaso, Defendant Anderson and Defendant SC Ports entered into an Agreement and Covenant Not to Execute for the consideration of Eight Hundred, Twelve Thousand, Four Hundred, Fourteen Dollars and Ninety-Six Cents ($812,414.96) as Defendant Holloway believes that other insurance policies may provide underinsured motorist coverage benefits, additional liability coverage (e.g. insurance upon the trailer), and/or excess liability coverage. A copy of the Covenant Not to Execute is attached here as **Exhibit C**.

19. On or about October 19, 2025, Defendant Powell and AMIC, Defendant Ehiabhi, Defendant Anagkaso, Defendant Anderson and Defendant SC Ports entered into an Agreement and Covenant Not to Execute for the consideration of Fifty Eight Thousand, Nine Hundred, Sixty Dollars and Eighty-Seven Cents ($58,960.87) as Defendant Holloway believes that other insurance policies may provide underinsured motorist coverage benefits, additional liability coverage (e.g. insurance upon the trailer), and/or excess liability coverage. A copy of the Covenant Not to Execute is attached here as **Exhibit D**.

20. On or about July 9, 2024, Emmett Lazarus and AMIC, Defendant Ehiabhi, Defendant Anagkaso, Defendant Anderson and Defendant SC Ports entered into an Agreement and Covenant Not to Execute for the consideration of Fifty-Four Thousand, Two Hundred, Ninety-Seven Dollars and Eighty-Five Cents ($54,297.85). A copy of the Covenant Not to Execute is attached here as **Exhibit E**.

21. On or about June 25, 2024, Rene Lazarus and AMIC, Defendant Ehiabhi, Defendant Anagkaso, Defendant Anderson and Defendant SC Ports entered into an Agreement and Covenant Not to Execute for the consideration of Twenty Thousand, Three Hundred, Sixty-Four Dollars and Forty-One Cents ($20,364.41). A copy of the Covenant Not to Execute is attached here as **Exhibit F**.

22. On or about August 25, 2023, Dequan Smalls and AMIC, Defendant Anagkaso and Defendant Anderson entered into a General Release of All Claims for the consideration of Thirteen Thousand Dollars and Zero Cents ($13,000.00). A copy of the Release is attached here as **Exhibit G**.

23. On or about August 25, 2023, Latonya Spivey and AMIC, Defendant Anagkaso and Defendant Anderson entered into a General Release of All Claims for the consideration of Eighteen Thousand Dollars and Zero Cents ($18,000.00). A copy of the Release is attached here as **Exhibit H**.

24. On or about March 9, 2023, Defendant Holloway and AMIC, Citadel Risk Management, Defendant Anagkaso, Defendant Anderson and Defendant SC Ports entered into a Total Loss Property Damage Release for the consideration of Twenty-Two Thousand Nine Hundred Sixty One Dollars and Eighty-Eight Cents ($22,961.88). A copy of the Release is attached here as **Exhibit I**.

25. On or around January 24, 2025, Defendant Holloway and Defendant Powell have brought lawsuits against Defendant Ehiabhi, Defendant Anagkaso, Defendant Anderson and Defendant SC Ports under Civil Action Numbers 2025-CP-22-00085 and 2025-CP-22-00086 ("Underlying Lawsuits") for the injuries sustained as a result of the above-referenced incident.

9

26. On or around April 16, 2025, Defendant SC Ports issued a Demand for Defense and Indemnity to AMIC and Defendant Anagkaso. A copy of the Demand is attached here as **Exhibit J**.

## COUNT 1 - DECLARATORY JUDGMENT

27. AMIC incorporates the foregoing Paragraphs as if they are repeated verbatim herein.

28. The Policy provides liability coverage with limits of liability of One Million Dollars and Zero Cents ($1,000,000.00) if a claim is made or a suit is brought against an "Insured" for damages because of "bodily injury" or "property damage" caused by an "accident" to which this coverage applies.

29. The Policy provides that the duty to defend or settle ends when the Covered Autos Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.

30. An actual and justiciable controversy exists between AMIC and the Defendants regarding the extent of AMIC's continuing obligations, if any, under the Policy.

31. AMIC alleges and would show that AMIC has exhausted its Policy limits.

32. AMIC alleges and would show that Defendant Ehiabhi, Defendant Anagkaso, Defendant Anderson and Defendant SC Ports are no longer entitled to defense or indemnification under the Policy as the Liability Coverage Limit of Insurance has been exhausted by payment of settlements.

33. AMIC is entitled to a declaration that it has no further duty to defend or indemnify Defendant Ehiabhi, Defendant Anagkaso, Defendant Anderson, or Defendant SC Ports in the Underlying Lawsuits, as the applicable limits of liability under the Policy have been fully exhausted through prior settlement payments.

WHEREFORE, AMIC requests that this Court enter a judgment in its favor and against Defendants, and declare as follows:

a. AMIC has no further duty to defend or indemnify Defendant Ehiabhi, Defendant Anagkaso, Defendant Anderson, or Defendant SC Ports in the Underlying Lawsuits under the Policy;

b. In the unlikely event the Court determines that AMIC continues to owe a duty to defend or indemnify Defendant Ehiabhi, Defendant Anagkaso, Defendant Anderson, or Defendant SC Ports, AMIC seeks a declaration that its obligation, if any, is limited solely to providing a defense in the Underlying Lawsuits;

c. AMIC further seeks a declaration that it has no duty to pay any judgment or settlement amounts to Defendant Holloway, Defendant Powell Defendant Emmett, Defendant Rene, Defendant Smalls, Defendant Spivey, and that any such liability would constitute personal exposure for the Defendants;

d. AMIC has a subrogation interest against any Additional Insureds and/or applicable Excess Insurance Policies for any amounts it has paid in connection with the defense and indemnification of Defendant Ehiabhi, Defendant Anagkaso, Defendant Anderson, or Defendant SC Ports in the Underlying Lawsuits; and

e. Further, AMIC requests recovery of costs, attorney's fees as permitted, and any other relief the Court deems just and proper.

*Signature Block on Accompanying Page*

          Respectfully submitted,

          **RESNICK & LOUIS, P.C.**

          <u>s/Alicia N. Bolyard</u>
          Alicia N. Bolyard, Esq. (Fed. Bar I.D. 13196)
          146 Fairchild Street, Suite 130
          Charleston, South Carolina 29492
          (843) 410-2534
          abolyard@rlattorneys.com

          *Attorney for American Millennium Insurance Company*

May 15, 2025

Charleston, South Carolina