**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| AMERICAN MILLENNIUM INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>DELORES HOLLOWAY, SHERICA POWELL, JOLLY EHIABI, EMMET LAZARUS, RENE LAZARUS, DEQUAN SMALLS, LATONYA SPIVEY, ANAGKASO, LLC *d/b/a Anagkaso Logistic*, THE SOUTH CAROLINA PORTS AUTHORITY, and RANDY DAVID ANDERSON,<br><br>Defendants. | ) | No. 2:25-cv-04115-DCN<br><br>**ORDER** |

This matter is before the court on defendant South Carolina Ports Authority's ("SCPA") motion to abstain or stay proceedings, ECF No. 27. For the reasons set forth below, the court denies the motion.

## I. BACKGROUND

This declaratory judgment action arises from a dispute over insurance coverage relating to an automobile accident that occurred in January of 2023. See ECF No. 6, Amend. Compl. Specifically at issue are the ongoing coverage obligations of plaintiff American Millennium Insurance Company ("AMIC") to the named defendants under a commercial automobile policy numbered LHT11441, and a commercial general liability policy numbered GLSC 11442 (the "Policies"). See Amend. Compl. ¶¶ 2–3, 52.

In January of 2023, defendant Randy David Anderson was driving a tractor attached to a chassis and container owned by SCPA when he collided with a vehicle, ultimately resulting in a multi-vehicle accident. Amend. Compl. ¶¶ 25–27. Following the accident, AMIC entered into several settlement agreements with various parties on behalf of the defendants, including SCPA. Amend. Compl. ¶¶ 25–35. Currently, SCPA is a defendant in two ongoing lawsuits (the "Underlying Actions") in the Georgetown County Court of Common Pleas. See Sherica Powell v. Jolly Ehiabi, Anagkaso, LLC DBA Anagkaso Logistic, The South Carolina Ports Authority, and Randy David Anderson, Case No. 2025-CP-22-00086 (S.C. Ct. C.P. Jan. 24, 2025); Delores Holloway v. Jolly Ehiabi, Anagkaso, LLC DBA Anagkaso Logistic, The South Carolina Ports Authority, and Randy David Anderson, Case No. 2025-CP-22-00085 (S.C. Ct. C.P. Jan. 24, 2025); see also ECF No. 27 ¶ 8; Amend. Compl. ¶ 36.

On May 14, 2025, SCPA moved to dismiss the Underlying Actions based on the settlement agreements entered into by AMIC. ECF No. 27 ¶¶ 12–15. At the same time, SCPA asserted claims for insurance bad faith and breach of contract against AMIC, claiming that AMIC wrongfully entered into the same settlement agreements. Id. SCPA's motion to dismiss was denied, and it appealed that decision to the South Carolina Court of Appeals. Id.

AMIC filed this declaratory judgment action on May 15, 2025, alleging that it has exhausted its limits under the Policies and therefore has no ongoing duty to defend or indemnify the defendants in the Underlying Actions. Amend. Compl. ¶¶ 50–52. Additionally, AMIC seeks a declaration that it has a subrogation interest against any additional insureds or applicable excess insurance policies for any amounts it paid in

connection with the defense and indemnification of the defendants, including SCPA. Id. at prayer for relief ¶ e.

On August 31, 2026, SCPA moved for the court to abstain from hearing this case or, alternatively, to stay proceedings. ECF No. 27. AMIC responded in opposition on September 14, 2026. ECF No. 30. SCPA did not reply. The court held a hearing on the motion on September 18, 2026. ECF No. 31. As such, the motion is fully briefed and now ripe for the court's review.

## II. DISCUSSION

SCPA argues that the court should abstain from hearing this declaratory action under the following abstention doctrines: (1) Younger abstention; (2) Colorado River abstention; and (3) Brillhart abstention. ECF No. 27. Alternatively, SCPA asks the court to stay this action pending the resolution of the Underlying Actions. Id. Finally, SCPA argues that this court should dismiss or abstain from hearing this action under the Anti-Injunction Act, 28 U.S.C. § 2283. Id. The court addresses SCPA's arguments in turn.

### A. Younger Abstention

The court begins with Younger abstention. See Younger v. Harris, 401 U.S. 37, 42-45 (1971).

Younger abstention applies to three "exceptional" categories of cases: (1) "ongoing state criminal prosecutions," (2) "civil enforcement proceedings that are akin to a criminal prosecution in important respects (commonly referred to as 'quasi-criminal' proceedings)," and (3) "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." Air Evac

EMS, Inc. v. McVey, 37 F.4th 89, 96 (4th Cir. 2022) (citing Sprint Commc'ns., Inc. v. Jacobs, 571 U.S. 69, 78 (2013)).

If the case fits into one of these three categories, the district court then determines: (1) whether the state proceedings constitute an ongoing judicial proceeding, (2) whether the proceedings implicate important state interests, and (3) whether there is an adequate opportunity in the state proceedings to raise constitutional challenges. Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982). If these elements are satisfied, the district court should abstain unless there is a showing of "bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." Id. at 435.

For some unknown reason, neither party addresses whether the Underlying Actions fall into any of the three categories of "exceptional" cases, instead focusing on the second step of the analysis. See ECF No. 27; see also ECF No. 30. That said, the court cannot place the Underlying Actions into any of the three categories. The Underlying Actions are neither criminal nor quasi-criminal proceedings, as they are state law tort claims. Furthermore, there is no indication that the state court has issued orders "uniquely in furtherance [its] ability to perform their. . . functions." McVey, 37 F.4th at 96.

Even if the Underlying Actions were to fit into the third category, abstention would still be inappropriate. The first and third Middlesex elements are likely satisfied, as SCPA has demonstrated the existence of an ongoing state court proceeding that was filed before this action, and there is no indication that AMIC does not have an adequate opportunity to raise constitutional challenges in the state court. See ECF No. 27, ECF

No. 30. The second element, however, requires that the state proceedings implicate important state interests. That state interest must be "so important that the exercise of federal judicial power would disregard the comity between the States and the National Government," to justify abstention. Pennzoil Co. v. Texaco Inc., 481 U.S. 1, 11 (1987). The Fourth Circuit has recognized that a state interest cannot be stated with such generality that it would "render a nullity the requirement that the state interest be important." Harper v. PSC, 396 F.3d 348, 353 (4th Cir. 2005)

SCPA argues their status as an instrumentality of the State of South Carolina means "any action involving it implicates the State of South Carolina's interest." ECF No. 27. More specifically, SCPA claims that if the court proceeds with this declaratory action, the state treasury may be required to disburse funds to pay for the costs of defending the Underlying Actions. Id. Without any authority to support SCPA's position, the court finds that neither SCPA's status as a state entity nor the possibility of an expenditure by a state treasury are important state interests for the purposes of Younger abstention. Thus, the court declines to abstain under Younger.

**B. Colorado River Abstention**

SCPA next argues that the court should abstain from hearing this action under Colorado River doctrine. See Colo. River. Water Conservation Dist. v. United States, 424 U.S. 800, 818 (1976).

The existence of parallel state and federal court proceedings is a prerequisite to abstaining under Colorado River. Id; see also Gannett Co. v. Clark Constr. Grp., Inc., 286 F.3d 737, 741 (4th Cir.2002). A parallel proceeding exists "if substantially the

same parties litigate substantially the same issues in different forums." Id. at 742 (quoting New Beckley Mining Corp. v. Int'l Union, 946 F.2d 1072, 1073 (4th Cir.1991)).

Neither condition is satisfied here. First, four of the defendants in this action are not parties to the Underlying Actions, nor could they be joined in state court. ECF No. 30. As such, the parties are not substantially similar. See Chase Brexton Health Sys. V. Maryland, 411 F.3d 457, 464 (4th Cir. 1992) ("[The Fourth Circuit has] strictly construed the requirement of parallel federal and state suits, requiring that the parties involved be almost identical."). As to the second requirement, the state and federal actions simply do not involve similar issues. In this declaratory action, AMIC seeks to clarify its current rights and obligations under the Policies, while the tort claims in the Underlying Actions arise from an automobile accident and settlement agreements AMIC subsequently entered into with parties involved in that accident. See ECF Nos. 27, 30.

Because neither the parties nor the issues in the Underlying Actions are substantially similar to those in this case, abstention is not appropriate under the Colorado River doctrine.

**C. Brillhart Abstention**

The court now turns to Brillhart abstention. SCPA argues that the court should abstain under this doctrine because the Underlying Actions involve the same parties and "present an opportunity for a determination of the same issues that [AMIC] raises in its claim for declaratory judgment." ECF No. 27. The court disagrees.

The Declaratory Judgment Act ("DJA") states:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201 (emphasis added). "[D]istrict courts possess discretion in determining whether and when to entertain an action under the DJA, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995). In the context of declaratory judgment actions, the Supreme Court concluded in Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 494–95 (1942), and later in Wilton v. Seven Falls Co., that a district court's substantial discretion permits it to stay or dismiss an action seeking a declaratory judgment in favor of an ongoing court case. Such discretion, however, "is not unbounded," and a district court may refuse to entertain a declaratory judgment action only for "good reason." Nautilus Ins. Co. v. Winchester Homes, Inc., 15 F.3d 371, 375 (4th Cir. 1994) (quoting Aetna Cas. & Sur. Co. v. Quarles, 92 F.2d 321, 324 (4th Cir. 1937)), overruled in part on other grounds by Centennial Life Ins. Co. v. Poston, 88 F.3d 255 (4th Cir. 1996).

When an insurer comes to federal court seeking declaratory relief on coverage issues while the underlying tort action is pending in state court, the court's exercise of its discretion to hear the action should be guided by "federalism, efficiency, and comity." Nautilus, 15 F.3d at 376. Courts often look to four factors in deciding whether to hear a declaratory action in this context:

> (i) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;
>
> (ii) whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending; [ ]
>
> (iii) whether permitting the federal action to go forward would result in unnecessary entanglement between the federal and state court systems, because of the presence of overlapping issues of fact or law; . . . [and]
>
> (iv) whether the declaratory judgment action is being used merely as a device for procedural fencing—that is, to provide another forum in a race

> for res judicata or to achieve a federal hearing in a case otherwise not removable.

Id. at 377 (cleaned up). The Fourth Circuit instructs that these factors should not be treated "as a mechanical checklist[ ]" but should be applied "flexibly in light of the particular circumstances of each case." VRCompliance LLC v. HomeAway, Inc., 715 F.3d 570, 573 (4th Cir. 2013) (internal quotation marks omitted).

With respect to the state interest in having the issues in the Underlying Actions resolved in state court, SCPA argues the Underlying Actions were filed first and that the issues raised in the federal action "overlap[ ] with issues that should be addressed in the [Underlying Actions]." ECF No. 27. As discussed above, the court finds little overlap of the being litigated in the state and federal actions. Supra p. 6.

As for efficiency, the court does not find that the issues raised in this action could be more efficiently resolved in state court. A determination of AMIC's continuing obligations under the Policies requires a review of the Policies and the settlements that allegedly exhausted AMIC's policy limits, all of which are in the record.[1] Additionally, AMIC cannot join all of the named defendants in the Underlying Actions, so AMIC would need to file a separate state court action to determine its obligations under the Policies. See ECF No. 30. Finally, SCPA has filed an appeal in the Underlying Actions that must be addressed before the remaining claims and issues can proceed in state court. See id. Accordingly, it would be more efficient for this court to address the coverage issue rather than abstaining.

---

[1] See ECF Nos. 1-1, 1-2, 1-3, 1-4, 1-5, 1-6, 1-7 ,1-8, 1-9.

Because this suit poses unique coverage issues that are not present in the Underlying Actions, the third factor also weighs against abstention. See also supra p. 6. Finally, the court finds no indication of procedural fencing in the record.

Because none of the four Nautilus factors weigh in favor of abstaining, the court declines to abstain under Brillhart.

**D. Request to Stay**

Alternatively, SCPA argues that the court should stay this action under its discretionary powers. The court declines to do so.

"A court has the power to stay proceedings, which is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" Doe v. Bayer Corp., 367 F. Supp. 2d 904, 914 (M.D.N.C. 2005) (quoting Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)). In exercising its authority to grant a discretionary stay, the court "must weigh competing interests and maintain an even balance." Landis, 299 U.S. at 254, 255 (internal quotation omitted). Furthermore, "[t]he party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." Williford v. Armstrong World Indus., Inc., 715 F.2d 124, 127 (4th Cir. 1983). "When considering a motion to stay, the district court should consider three factors: '(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party.'" Impulse Monitoring, Inc. v. Aetna Health, Inc., 2014 WL 4748598, at *1 (D.S.C. Sept. 23, 2014) (quoting Johnson v. DePuy Orthopaedics, Inc., 2012 WL 4538642, at *2 (D.S.C. Oct. 1, 2012)). In other words, the proponent of a stay "bears the

burden of establishing its need." Clinton v. Jones, 520 U.S. 681, 708 (1997) (citing Landis, 299 U.S. at 255).

SCPA argues the court should stay this action to await the outcome of SCPA's appeal of the state court's denial of their motion to dismiss the Underlying Actions. ECF No. 27. It is not clear how determining AMIC's continuing duties under the Policies would interfere with that appeal; resolution of the motion to dismiss will only determine SCPA's status as a party in the Underlying Actions, but it will not impact AMIC's ongoing obligations to all defendants. See ECF No. 27. Declining to stay this action, therefore, works no hardship against SCPA.

On the other hand, the interests of judicial economy would be served by determining AMIC's duties to the defendants sooner rather than later. The resolution of SCPA's appeal has no bearing on the issue before the court, and staying the action would not assist the court in determining AMIC's rights and obligations to defendants under the Policies. Staying the action until the appeal is resolved would only kick the can down the road, which works against the interests of judicial economy. Lastly, AMIC faces potential prejudice if the court stays this action because it would continue to defend and indemnify SCPA and all other defendants—incurring all related costs—when it may no longer be obligated to do so.

As all factors weigh against issuing a stay, SCPA has failed to demonstrate the need for one. Accordingly, the court declines to issue a stay.

**E. The Anti-Injunction Act**

Finally, SCPA argues that the Anti-Injunction Act independently provides the court with the authority to dismiss or abstain from hearing this action. The court disagrees.

The Anti-Injunction Act generally prohibits federal courts from enjoining state court proceedings, and the Fourth Circuit has extended this bar to declaratory judgments "that would have the same effect as an injunction." Denny's Inc. v. Cake, 364 F.3d 521, 528 n.8 (4th Cir. 2004); see 28 U.S.C. § 2283.

SCPA argues that the court should otherwise dismiss or abstain from hearing this action under the Anti-Injunction Act because not doing so could place SCPA in the "untenable position of asserting its related breach-of-contract and insurer bad-faith claims [in this action] as compulsory counterclaims—or risk arguments that failing to do so waives those claims, impermissibly splits them, or subjects them to claim-preclusion or other preclusion defenses." ECF No. 27. Because the state and federal actions have little to no overlap on issues of fact or law, SCPA fails to demonstrate how proceeding with this declaratory action would have the same effect as an injunction of the state court proceedings. Supra p. 6. Therefore, the Anti Injunction Act does not require the court to abstain or dismiss the action.

## IV. CONCLUSION

For the foregoing reasons, the court **DENIES** the motion, ECF No. 27.

**AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**October 20, 2026**
**Charleston, South Carolina**